FILED

2020 SEP 23 AM 11: 35
SRDennis
OUACHITA COUNTY, ARK
GLADYS F. NETTLES
CIRCUIT CLERK

# IN THE CIRCUIT COURT OF OUACHITA COUNTY, ARKANSAS
## CIVIL DIVISION

CALREECE WILLIAMS                             PLAINTIFF

VS.                         CASE NO. 52CV-20-197-6

KBP INVESTMENTS, LLC,                          DEFENDANTS
d/b/a KBP FOODS d/b/a
KENTUCKY FRIED
CHICKEN; JOHN DOES 1-3;
and JOHN DOE ENTITIES 1-3

## COMPLAINT

COMES NOW the Plaintiff, Calreece Williams, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., and for his Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Calreece Williams ("Plaintiff") was at all times relevant a citizen and resident of Chidester, Ouachita County, Arkansas.

2. Defendant KBP Investments, LLC is a Kansas Corporation located at 10950 Grandview Drive, Ste. 300, Overland Park, Kansas 65210. KBP Investments, LLC is registered with the Arkansas Secretary of State and lists their agent for service as CORPORATION SERVICE COMPANY, 300 Spring Building, Ste. 900, 300 S. Spring St., Little Rock, AR 72201.

3. KBP Investments, LLC ("KBP") holds itself out to be a restaurant franchise group with multiple brands, including, KBP Foods, which holds the franchise rights to multiple fast casual dining restaurants including, but not limited to, Kentucky Fried Chicken ("KFC").

4. KBP Foods' principle place of business is located at 10950 Grandview Drive, #300, Overland Park, Kansas 66210.

5. Upon information and belief, Defendant KBP Foods owns and/or operates a fast food restaurant named "Kentucky Fried Chicken," ("KFC") which is located at 1140 US-278 West, Camden, Ouachita County, Arkansas.

6. Upon information and belief, Defendant KBP maintained and/or operated its restaurant as a public business open to the general public, and the general public was invited to patronize said business.

7. The events that form the basis of Plaintiff's Complaint occurred at the above described KFC in Camden, Ouachita County, Arkansas.

8. This is an action for personal injuries sustained upon Defendants' premises on or about October 3, 2017.

9. The residency of John Does 1-3 remains unknown.

10. The residency of John Doe Entities 1-3 remains unknown.

11. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with *Arkansas Code Annotated § 16-56-125*, and it is attached hereto as **Exhibit A.**

## II. JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

13. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury or in the county where the person injured resided at the time of the injury.

### III. BASIC PREMISE

14.     The incident giving rise to this cause of action occurred at KFC, located at 1140 US-278 West, Camden, Ouachita County, Arkansas.

15.     This is a negligence action which arises from personal injuries sustained on Defendants' premises that occurred on or about October 3, 2017.

### IV. FACTS

16.     On or about October 3, 2017, Plaintiff traveled to the KFC located in Camden, Arkansas.

17.     Upon information and belief, Defendant KBP Investments, LLC, d/b/a KBP Foods d/b/a Kentucky Fried Chicken did business with the public at 1140 US-278 West, Camden, Arkansas 71701. Defendants, through employees and/or agents, maintained and operated the store as a business open to the general public, and the general public was invited to patronize the business.

18.     While on Defendants' premises, Plaintiff was at all times relevant, a business invitee of the Defendants.

19.     After arriving on Defendants' premises, Plaintiff entered the restaurant through a front, public entrance.

20.     During his visit to the KFC, Plaintiff entered the area leading to the public restroom when suddenly, and without warning, he slipped and fell to the ground.

21.     Upon information and belief, the floor had recently been mopped by an employee and/or agent of Defendants.

22.     Upon information and belief, at the time of the incident, neither Defendants nor their employees/agents had posted any warning signs or made any effort to reduce, or otherwise

remove the slip hazard or hazardous condition, despite the fact that they either had knowledge, or should have had knowledge, of the substance/liquid on the floor.

23. At the time of the occurrence, Defendants' employees/agents did not guard, protect or warn customers and/or business invitees from the dangerous conditions that were presented to the general public as it frequented the premises.

24. As a result of the recklessness, negligence, and/or carelessness of Defendants' agents and/or employees concerning this incident, the Plaintiff sustained personal injuries and damages.

### V. CAUSE OF ACTION - NEGLIGENCE

25. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

26. Defendants maintained the premises through its employees and/or agents. Defendant, through its employees and/or agents, acting in the course and scope of their employment/agency, owed Plaintiff a duty to use reasonable and ordinary care to maintain the premises in a reasonably safe condition.

27. Defendants and their employees and/or agents, acting in the course and scope of their employment/agency, were negligent in that they failed to use ordinary and reasonable care to maintain the premises in a reasonably safe condition.

28. Defendants and their employees/agents were negligent in that they did not properly place cautionary signs to alert their patrons to a hazardous condition in a way, scope and manner as to visibly warn the Plaintiff of such pending danger. Defendants and their employees/agents thereby created a hazardous condition for customers and patrons.

29. Defendants and their employees/agents were negligent in that they failed to otherwise identify and warn patrons of the slip hazard created by the hazardous condition, despite their knowledge of its existence.

30. Defendants and their employees/agents were negligent in that they failed to remedy the hazardous condition, despite having knowledge of its existence prior to the entry of the Plaintiff onto the premises.

31. Defendants' employees'/agents' negligent acts and omissions are imputed to the Defendants, their employer/principal, under the legal doctrine of respondeat superior; joint enterprise and or the principles of agency as adopted by the State of Arkansas.

## VI. PROXIMATE CAUSATION

32. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

33. The Defendants' negligence proximately caused the fall which resulted in injuries and damages sustained by Plaintiff.

34. Defendants John Does 1-3 are individuals unknown at this time, but are believed to have been involved, or to otherwise have legal liability as a result of the incident involving the Plaintiff.

35. Defendants John Doe Entities 1-3 are entities unknown at this time but are believed to have been involved, or to otherwise have legal liability as a result of the incident involving the Plaintiff.

## VII. INJURIES AND COMPENSATORY DAMAGES

36. Plaintiff sustained personal injuries and damages that were proximately caused by Defendants' negligence. Accordingly, Plaintiff is entitled to the following damages:

    (a) the nature, extent, duration, and permanency of his injuries;

    (b)    the full extent of the injuries he sustained;

    (c)    the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d)    any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (e)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

    (f)    any visible results of his injuries;

37. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII. DEMAND FOR JURY TRIAL

38. Plaintiff hereby demands a trial by jury.

## IX. DEMAND & PRAYER

39. The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

40. The Plaintiff demands judgment against the Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law for reasonable expenses, costs, and for all other proper relief to which she may be entitled.

Respectfully Submitted,

By: _____
Bryce Brewer, Ark. Bar # 2002013
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
(501) 868-2500
(501) 868-2508 - facsimile
bbrewer@rainfirm.com